IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WEEKS,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br><br><br><br><br><br><br>Civil Case No. 2:07-CV-601 TS<br>Criminal Case No. 2:98-CR-278 TS |

This matter is before the Court on the remainder of Petitioner's Motion to Vacate, Set

Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court previously denied the

majority of Petitioner's Motion and set this matter for an evidentiary hearing on the sole issue of

whether Petitioner requested counsel to file an appeal on his behalf.  The Court has now

conducted that evidentiary hearing and, for the reasons discussed below, will grant Petitioner's

Motion on the remaining issue.

## I.  BACKGROUND

On December 8, 1999, Petitioner, along with others, was named in a Superseding

Indictment charging him with various securities violations.  On July 15, 2002, Petitioner pleaded

guilty to Count VI of the Superseding Indictment.  Petitioner was sentenced, on August 15, 2006, to 12 months plus 1 day in the custody of the Bureau of Prisons.  Judgment was entered on August 17, 2006.  Petitioner did not pursue direct appeal.  However, Petitioner timely filed this Motion on August 15, 2007.

In his Motion, Petitioner made six claims of ineffective assistance of counsel: (1) failure to meet and confer with Petitioner in a meaningful manner; (2) failure to conduct meaningful due diligence and discovery; (3) failure to inform the petitioner regarding the superseding indictment; (4) failure to file a motion to dismiss; (5) fraud on the court; and (6) failure to file an appeal.

The Court previously addressed the first five arguments and rejected each one.  The Court set this matter for an evidentiary hearing on Petitioner's final argument.  This order addresses only that remaining issue.

## II.  DISCUSSION

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1]

To successfully claim ineffective assistance then, Petitioner must show two things.  First, he must show that Counsel functioned deficiently.[2]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

---

[1]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[2]*Strickland*, 466 U.S. at 687.

Amendment."[3]   Second, he must show that Counsel's deficient functioning prejudiced

Petitioner's defense.[4]   "This requires showing that counsel's errors were so serious as to deprive

[Petitioner] of a fair [proceeding], . . . whose result is reliable."[5]   Without both of these showings,

Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the

adversary process that renders the result unreliable."[6]

A Court is to review Petitioner's ineffective assistance of counsel claim from the

perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[7]   In

addition, in evaluating counsel's performance, the focus is "not what is prudent or appropriate,

but only what is constitutionally compelled."[8]   Finally, there is "a strong presumption that

counsel provided effective assistance, and a section 2255 defendant has the burden of proof to

overcome that presumption."[9]

Petitioner has presented evidence that, after he was sentenced and before the time for

filing an appeal had lapsed, he approached his counsel and asked his counsel to appeal his

conviction.  Petitioner testified that his counsel refused to do so.  No direct appeal was filed.

---

[3]*Id*.

[4]*Id*.

[5]*Id*.

[6]*Id*.

[7]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[8]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[9]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002) (citation omitted).

The Supreme Court, in *Roe v. Flores-Ortega*,[10] established the rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[11]  If counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal would likely succeed.[12]  In *United States v. Snitz*,[13] the Tenth Circuit held that a defendant is entitled to an appeal if he told his counsel that he wanted to appeal, even if his counsel argued that the appeal was without merit.[14]  In *United States v. Garrett*,[15] the Tenth Circuit applied *Flores-Ortega* and *Snitz* to a case in which the district court dismissed a § 2255 motion asserting ineffective assistance of counsel for failure to file an appeal, on the ground that the defendant had waived his right to appeal or collaterally attack his sentence in his plea agreement.[16]  There the court held that if the defendant "actually asked counsel to perfect an appeal, and counsel ignored that request, he will be entitled to a delayed appeal."[17]  This is true "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit."[18]

---

[10]528 U.S. 470 (2000).

[11]*Id*. at 477.

[12]*Id*. at 484, 486.

[13]342 F.3d 1154 (10th Cir. 2003).

[14]*Id*. at 1155-59.

[15]402 F.3d 1262 (10th Cir. 2005).

[16]*Id*. at 1265-66.

[17]*Id*. at 1267.

[18]*Id*. (citations omitted).

Here, the Court finds that the evidence presented supports Petitioner's contention that he asked his counsel to file an appeal and that his counsel refused.  As a result, the Court finds that Petitioner's counsel was ineffective and that Petitioner is entitled to a delayed appeal.  The appropriate course of action is to vacate and re-enter the Judgment and allow Petitioner ten days from the entry of Judgment to file an appeal.[19]

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:07-CV-601 TS) is GRANTED IN PART.  It further

ORDERED that the Amended Judgment (Docket No. 459 in Case No. 2:98-CR-278 TS) is VACATED.  It is further

ORDERED that the Court will re-enter Judgment in this matter.  Petitioner shall have ten (10) days from entry of Judgment to file a Notice of Appeal.

DATED   September 9, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[19]*See Snitz*, 342 F.3d at 1159 (remanding case to vacate and reenter judgment of conviction and sentence to allow direct appeal therefrom); *see also United States v. Avalos-Estrada*, 2007 WL 701605 (D. Utah Mar. 1, 2007) (following procedure set out in *Snitz*).